## President Judges' Commissions.

*Courts—Judges—President judges' commissions—Priority of commission*
*—Constitution, Schedule No. 1, sections 15 and 16—Act of May 25, 1921.*

1. In a judicial district where there are three or more judges and the president judge dies, that one of the remaining judges, who is oldest in commission, that is oldest in continuous service, is entitled to be president judge, although the commission under which he is actually serving may be junior in date to that of one or more of the other judges.

2. A construction of the Act of May 25, 1921, P. L. 1163, which would establish any other rule would render the act unconstitutional.

3. It is the rule of the Department of Justice that, unless for very strong and compelling reasons, it will not reverse or materially modify the opinion of previous Attorneys-General, and this rule applies with great force when any such opinion has been referred to specifically by the Supreme Court and unequivocally approved.

Department of Justice.    Opinion to Hon. Gifford Pinchot, Governor of Pennsylvania.

WOODRUFF, Att'y-Gen., Dec. 8, 1925.—I have received your request for an opinion on the following:

Hon. Henry M. Edwards died Nov. 28, 1925.  At the time of his death he was President Judge of the 45th Judicial District, namely, Lackawanna County.  His death left, commissioned as Judges of the 45th Judicial District, Hon. Edward C. Newcomb, who has been by re-election in continuous service as a Judge of the 45th Judicial District for twenty-four years, and Hon. George W. Maxey, who has been commissioned and in continuous service as a Judge of the 45th Judicial District for six years.  Judge Newcomb's present commission will expire on the first Monday of January, 1932, and Judge Maxey's present commission will expire on the first Monday of January, 1930.  In other words, Judge Maxey's commission will be the first to expire as compared with Judge Newcomb's.  The question is whether Judge Newcomb or Judge Maxey is entitled to be commissioned President Judge in place of Judge Edwards.

Sections 15 and 16 of "Schedule No. 1" (adopted with the Constitution) read as follows:

"Section 15. Judges in Commission.  Judges learned in the law of any court of record, holding commissions in force at the adoption of this Constitution, shall hold their respective offices until the expiration of the terms for which they were commissioned, and until their successors shall be duly qualified.  The Governor shall commission the president judge of the court of first criminal jurisdiction for the Counties of Schuylkill, Lebanon and Dauphin as a judge of the Court of Common Pleas of Schuylkill County for the unexpired term of his office.

"Section 16. President Judges.  Associate Judges.  After the expiration of the term of any president judge of any Court of Common Pleas in commission at the adoption of this Constitution, the judge of such court learned in the law and oldest in commission shall be president judge thereof; and when two or more judges are elected at the same time in any judicial district, they shall decide by lot which shall be president judge; but when the president judge of a court shall be re-elected, he shall continue to be president judge of that court.  Associate judges not learned in the law, elected after the adoption of this Constitution, shall be commissioned to hold their offices for the term of five years from the first day of January next after their election."

President Judges' Commissions.

Section 10 of the Act of May 25, 1921, P. L. 1163, provides: "In all districts in which, by the provisions of this act, two or more judges are provided, one of said judges shall be the president judge of said district, and the other or others shall be the additional law judge or judges thereof. The judge of said district whose commission shall first expire shall be the president judge thereof, except when the president judge has been or shall be re-elected, in which case he shall continue to be president judge."

The above statutory provision, if Schedule 16 of the Constitution had not been interpreted by the Supreme Court as providing a permanent and not merely a temporary rule of succession, would require the issuance of the commission of president judge to Judge Maxey, as he is the judge whose commission "shall first expire." Under the statute, the judge whose commission "shall first expire" is entitled to the commission of president judge.

It appears that, with no exception since 1877, the rule used for determining who shall be commissioned president judge, in case of a vacancy in that position caused by the death, resignation or non-election of the former president judge, has been that the remaining judge "oldest in commission," namely, "oldest in continuous service," is to be president judge, and commissioned as such, "without regard to the date of the commission under which he was" serving at the time the vacancy in the position of president judge happened. See Com. v. Pattison, 109 Pa. 165, at the bottom of page 170.

In 1885, the Supreme Court, in said case of Com. v. Pattison, 109 Pa. 165, referred to an opinion of Attorney-General George Lear, given to Governor Hartranft in 1877, which I have been unable to discover, and in which the Attorney-General advised that the expression in section 16 of the schedule adopted at the same time with the Constitution of Jan. 1, 1874, by the use of the words "oldest in commission," referred to the judge who was "oldest in continuous service" and not to the judge whose commission at the moment was the oldest, and for that reason would first expire. With regard to this opinion of the Attorney-General, the Supreme Court in the Pattison case says: "So far as we know, this construction, *as to the correctness of which we entertain no doubt,* has ever since been adhered to by the executive department."

It is a present rule of the Department of Justice that, unless for very strong and compelling reason, it will not reverse or materially modify the opinions of previous Attorneys-General, and this rule applies with great force when any such opinion has been referred to specifically by the Supreme Court and unequivocally approved.

The opinion of the Supreme Court in the Pattison case (1885) did not turn merely upon the question as to the meaning of the expression "oldest in commission" as used in section 16 of the schedule attached to the Constitution. If it had depended merely upon the meaning of those words, and said section 16, by being a temporary measure, had become inoperative by the passage of time and by the disappearance of the reasons for its enactment, the legislature would have had the right to provide for the succession to the position of president judge, as it attempted to specifically in 1901, and again in 1921, in terms which, if the legislature had the right and power to provide for filling a vacancy in the position of president judge, would have supplanted the Attorney-General's opinion of 1877, and [rendered] the Supreme Court decision in the Pattison case, in 1885, no longer applicable.

The Supreme Court, however, decided in unequivocal terms in the Pattison case, at page 171, that the provision in section 16 of the schedule which reads, "After the expiration of the term of any president judge of any Court of

Common Pleas in commission at the adoption of this Constitution, the judge of such court, learned in the law and oldest in commission, shall be the president judge thereof," does not provide a special and temporary rule only for succession to the position of president judge in the single instance in each case when the term of a president judge "in commission at the adoption of this Constitution" shall come to an end. The court holds that the word "after" refers to all future time, at least (we can infer) until the Constitution is amended. Whether *dictum* or not, how can we ignore the plain meaning of Judge Sterrett's words, beginning at the middle of page 171: "Construing the fifteenth section, so far as it relates to president judges, in connection with the first sentence of the sixteenth section, we have substantially this provision, viz.: President judges in commission at the adoption of this Constitution shall hold their respective offices until the expiration of the terms for which they were commissioned, *and thereafter the judge of each court respectively, learned in the law and oldest in commission, shall be the president judge thereof. . . .* We have no doubt this was what was intended, but the thought was not as clearly expressed, perhaps, as it might have been. It is a mistake to suppose the word 'after,' with which the sixteenth section commences, is employed in the sense of 'upon,' thereby limiting the application of the rule of succession to the single event of the expiration of each commission in force at the adoption of the Constitution. It was evidently used in the sense of 'thereafter,' referring *not only to the expiration of the respective commissions then in force, but to the expiration of every subsequent commission.*"

That the Supreme Court was, at first impression, led to believe differently is shown in the Pattison case on page 172, where it is stated: "My first impression was otherwise, but a careful examination of all the provisions relating to the subject satisfied me that the framers of the Constitution intended to establish a uniform system, whereby the judge oldest in commission in each of the Courts of Common Pleas should be president judge thereof, subject to the *temporary* qualification that the president judges in commission at the adoption of the Constitution should continue to serve as such, notwithstanding they might have associates learned in the law who were their seniors in continuous service."

In the light of the Pattison decision, it is not possible to hold that the Acts of July 18, 1901, P. L. 669, 674, and May 25, 1921, P. L. 1163, are constitutional to the extent that they attempt to provide that, in case of a vacancy, the judge whose present commission will expire first is entitled to be president judge. In the Pattison case, at page 172, the Supreme Court states that the idea of this rule "by which the judge oldest in continuous service will be president of the court, is neither new nor unnatural." Again, the court states on the same page that, by the use of "language that does not fairly admit of any other reasonable construction," the framers of the Constitution have provided for filling a vacancy of president judge by commissioning the "judge oldest in continuous service."

A reading of the argument and decision of the Supreme Court in the Pattison case gives a satisfactory reply to the question you ask, namely, that Hon. Edward C. Newcomb, being the judge in the 45th judicial district "oldest in commission," namely, "oldest in continuous service," is President Judge of said 45th Judicial District, instead of Hon. George W. Maxey, even though Judge Maxey's present commission will be the first to expire; and that, therefore, it is the duty of the Governor to issue to Hon. Edward C. Newcomb a commission as President Judge of the 45th Judicial District, thus conform-

President Judges' Commissions.

ing to the rule laid down by the Constitution for filling vacancies in the position of president judge, said rule being confirmed by the decision of the Supreme Court in the Pattison case, and also by the uniform practice of Governors of the Commonwealth from the Attorney-General's opinion given in 1877 to the present time.

From C. P. Addams, Harrisburg, Pa.